# HARRIS BEACH PLLC

ATTORNEYS AT LAW

January 12, 2024

**FILED ELECTRONICALLY VIA ECF**
United States Magistrate Judge Robert W. Lehrburger
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

677 BROADWAY, SUITE 1101
ALBANY, NY 12207
(518) 427-9700

**ELLIOT A. HALLAK**
PARTNER
DIRECT:   (518) 701-2748
FAX:       (518) 427-0235
ehallak@harrisbeach.com

Re:   *Robert Nock v. Spring Energy RRH, LLC et al.*, United States District Court, Southern District of New York, Case No. 1:23-cv-01042

This office represents the Defendants, Spring Energy RRH, LLC d/b/a Spring Power & Gas ("Spring Energy"); RRH Energy Services, LLC ("RRH"); and Richmond Road Holdings, LLC ("Richmond Road Holdings") in the above-referenced matter. Pursuant to Local Rule 37.2 and Paragraph II.D. of Your Honor's Individual Rules and Practices, I write to request an informal conference with the Court, and to the extent required by the Court, permission to file a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) declaring that discovery regarding Defendants' vendors other than Endurance Sales & Marketing LLC ("Endurance") and outside the time-frame of Defendants' relationship with Endurance, is outside the scope of discovery.

From the start, Plaintiff and his counsel have been attempting to secure a tactical advantage by making discovery so burdensome and disruptive, and seeking discovery into unrelated matters for the apparent purpose of manufacturing claims that Plaintiff lacks standing to pursue. At the same time, Plaintiff's counsel are withholding the very evidence they use to justify their discovery demands by serving exceedingly lengthy objections to basic discovery demands.[1] When the parties were last before the Court, Your Honor observed that this case appeared to be a "one-off" and initially limited discovery to calls related to the Plaintiff.  Once Plaintiff's counsel finally revealed the call recordings that they had been withholding (which Plaintiff's counsel obtained via discovery in another action), the parties learned that the call recordings were attributable to a single vendor, Endurance, with whom Spring Energy had a brief relationship lasting only six weeks in Spring 2021 and who was engaged solely to make door-to-door sales.[2] When this information came to light, Defendants voluntarily agreed to lift the prior order limiting discovery solely to Plaintiff so that additional discovery regarding Endurance's activities could proceed.

Notwithstanding the narrow issue and time-period, Plaintiff has sought to conduct a vastly overbroad and all-encompassing fishing expedition related to any of Defendants' door-to-door marketing vendors over a four-year period, regarding matters demonstrably unrelated to Plaintiff. To that end, Plaintiff has now served six requests for production (with 69 individual requests), three requests for admissions (with 83 individual requests), two sets of interrogatories (with 10 individual interrogatories), and a host of third-party subpoenas, including to name a few, those

---

[1] Defendants anticipate the need to file a motion to compel discovery regarding the items Plaintiff is wrongfully withholding in the near future.

[2] Attached as **Exhibit A** is the Master Service Agreement between Spring Energy and Endurance.  Attached as **Exhibit B** is an email, dated May 11, 2021, discontinuing all actions by Endurance.  Attached as **Exhibit C** is an email, with attached letter, dated November 15, 2021, formally terminating the relationship between Endurance and Spring Energy.

Honorable Robert W. Lehrburger
January 12, 2024
Page 2

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

targeting – Endurance, Baltimore Gas & Electric, Google (2), Yahoo, AT&T, and DocuSign.  The time has come for this Court to say enough is enough and issue a protective order pursuant to Fed. R. Civ. P. 26(c)(1) curtailing discovery to the actual, legitimate, and proportionate needs of this case.  Defendants' counsel held numerous videoconferences and exchanged extensive email communications with Plaintiff's counsel, in a good faith effort to reach a resolution and avoid the need for Court intervention, but Plaintiff's counsel has been unrelenting in its discovery demands necessitating the instant request.  Defendants were willing to continue meeting and conferring regarding this topic, but, today, Plaintiff's counsel unilaterally declared this discovery issue "ripe for resolution".

On February 7, 2023, Plaintiff Robert Nock, as the sole putative class representative, filed this action under the Telephone Consumer Protection Act vaguely alleging that his numbers are registered on the National Do Not Call Registry, yet he received telemarketing calls to two residential phone numbers in April 2021.  Compl. (ECF No. 1), ¶¶ 31, 32.  The parties agreed to proceed with informal discovery to investigate Plaintiff's claims, which revealed no records in Defendants' possession relating to Plaintiff. At the July 20, 2023 hearing, Plaintiff's counsel stated, for the first time, that they had recordings of alleged calls, and Plaintiff first produced those purported recordings (without any authentication) several weeks later.  Plaintiff's counsel clearly had these records from the outset of this case, but deliberately withheld them while Defendants were under the impression that the parties were cooperating and voluntarily exchanging information to determine what occurred.  While Plaintiff's counsel still refuses to authenticate or produce the requested documents pertaining to the source of these recordings,[3] Defendants have now learned that these recordings were obtained through discovery in another lawsuit.[4]

Plaintiffs now continue to seek discovery in no way tethered to the actual claims raised by Plaintiff, regarding any door-to-door vendors engaged by Defendants over a four-year period.[5] The new basis for Plaintiff's expansive discovery is an individual named Roland Camunas, who is a repeat TCPA claimant who enrolled with Spring Energy during a different time period and during a verifiable door-to-door sale and then disenrolled, apparently seeking to manufacture a TCPA claim. Spring Energy entered a nuisance-value confidential settlement with Mr. Camunas without admitting liability, which Mr. Camunas violated by sharing with Plaintiff's counsel. Plaintiff now seeks to use Mr. Camunas' declaration, with demonstrable inaccuracies, to open the floodgates of discovery. In short, Mr. Camunas' claim is entirely unrelated to Plaintiff's claims. Plaintiff was never a Spring Energy customer, and at most, received several calls attributable to Spring Energy's brief relationship with Endurance. Those are the only claims Plaintiff has standing to pursue, and that is where discovery is appropriately focused. This Court should not permit Plaintiff and his counsel to use this action to seek discovery into unrelated claims for purposes of manufacturing and bringing different claims, as they have demonstrated is their *modus operandi*.

---

[3] Attached as **Exhibit D** is Plaintiff's Responses and Objections to Defendants' Second Set of Requests for Production, which seeks documents related to the source of these recordings.

[4] Upon information and belief, these recordings were produced in discovery in *Katz v. Liberty Power Corp., LLC*, Case No. 1:18cv10506 (D. Mass.).

[5] Attached as **Exhibit E** is Defendants' Second Amended Responses and Objections to Plaintiff's First Set of Requests for Production.  At issue are Request Nos. 1-11, 13-14, 22-28, and 42, as well as the time-period covered by other demands as set forth in General Objection no 6.

Honorable Robert W. Lehrburger
January 12, 2024
Page 3

**HARRIS BEACH** PLLC

ATTORNEYS AT LAW

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Further, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at § 26(c)(1). Given that "pretrial discovery . . . has a significant potential for abuse," trial courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Dove v. Atl. Capital Corp.*, 963 F.2d 15, 20 (2d Cir. 1992). In determining whether to issue a protective order, courts consider whether discovery demands are limited to the "facts relevant to the issues in the case" and "[]proportionate to the needs of the case." *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, *41 (Feb. 16, 2016). "Blanket requests . . . are plainly overbroad and impermissible." *Id.* (quotations omitted). Further, this Court has held that the "sheer number of entities and broad time span" renders a request an unduly intrusive and burdensome fishing expedition. *Ex parte Application of Abdalla*, 2021 U.S. Dist. LEXIS 9615, *16 (S.D.N.Y. Jan. 19, 2021).

In the TCPA context, *Mora v. Zeta Interactive Corp.* is persuasive. There, the court found that the defendant could not be required to produce *all* call logs where it appeared that the case involved calls made by only *one* of the defendant's subsidiaries. *Mora v. Zeta Interactive Corp.*, 2017 U.S. Dist. LEXIS 19413, *12-14 (E.D. Cal. Feb. 10, 2017) (citing *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 597 (S.D. Cal. April 2, 2014) (the record did not justify imposing a significant burden on the defendant to produce an outbound dial list of *marketing* calls when the case involved *collection* calls)). The court in *Mora* deemed plaintiff's requested discovery for all call logs a "fishing expedition" and held that telephone calls made by other subsidiaries were not discoverable. *Id.* at *14. Likewise, here, it is undisputed that the Plaintiff's claims, to the extent they are substantiated, are attributable to the unauthorized actions of Endurance. Thus, discovery as to the entirety of Spring Energy's door-to-door marketing efforts over a full four-year period is inappropriate and vastly overbroad. Like in *Mora*, the Plaintiff has presented "no representative plaintiff who fits the bill" for any of the other vendors besides Endurance or "any evidence in the record" that the methodology used by Endurance was also used by any other vendors. *See id.* at *13-14. Yet, Plaintiff continues to exceed the allowable bounds of discovery by demanding discovery of *all* call records, *all* vendors hired by Defendants, and *all* consumers contacted by Defendants. Plaintiff has made such requests for no other purpose than to engage in an impermissible and baseless fishing expedition to discover additional claims, identify potential new clients, and cause Defendants annoyance, undue burden, and significant expense. *See Santos v. Nuve Miguel Corp.*, 2021 U.S. Dist. LEXIS 241424, *2 (S.D.N.Y. Dec. 17, 2021) (expressing concern that plaintiff sought discovery for the purpose of identifying potential new clients rather than attempting to establish the appropriateness of certification). Such attempts are "speculative and the type of fishing expedition that U.S. discovery rules do not condone." *In re Majed Amir Al-Attabi*, 2022 U.S. Dist. LEXIS 14187, *26 (S.D.N.Y. Jan. 26, 2022).

Based upon the foregoing, Defendants respectfully request a conference for the purpose of seeking a protective order for the reasons outlined above, and for such other and further relief that this Court deems just and proper.

Honorable Robert W. Lehrburger
January 12, 2024
Page 4



Respectfully submitted,

*/s/ Elliot A. Hallak*

Elliot A. Hallak

cc:  Counsel of record (via ECF)