# Exhibit 1
Camunas Declaration

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERT NOCK, an individual, on his own behalf and on behalf of all others similarly situated,

              Plaintiff,

    v.

SPRING ENERGY RRH, LLC d/b/a SPRING POWER & GAS, RRH ENERGY SERVICES, LLC and RICHMOND ROAD HOLDINGS, LLC, Delaware limited liability companies,

        Defendants.

No. 1:23-cv-01042

**ROLAND CAMUNAS'S DECLARATION**

1.     My name is Roland Camunas. I am over 18. I have personal knowledge of all of the facts set forth in this declaration and could testify thereto if called to do so.

2.     I am the owner and user of the telephone that receives calls to 215‑████. In 2015, I registered the 215‑████ telephone number on the national Do Not Call list and Pennsylvania Do Not Call list.

3.     In November 2021, I received telemarketing calls to 215‑████ from callers identifying themselves as calling for Spring Power and/or from PECO (my utility company). I emailed Spring Power to complain that these telemarketing calls violated the Telephone Consumer Protection Act, and asked Spring Power to communicate with me in writing. Afterwards, Gregory Hasiak (a Spring Power employee) and I executed a settlement agreement which released these claims. On December 9, 2021, I received an email from Amanda Miranda (another Spring Power employee) which included this fully executed settlement agreement as an attachment. A true and correct copy of this email is attached to this Declaration as Exhibit 1.

4.     Despite my complaint and December 2021 settlement with Spring Power, I continued to receive telemarketing calls from callers identifying themselves as calling for Spring

Power in 2022. During some of these 2022 calls, the callers indicated I would receive a subsequent verification call, and then coached me to say during the verification call that I had met with the caller in person. In fact, no Spring Power representative has ever met with me in person. During one of these calls, in or about February 2022, I permitted Spring Power to enroll me as a customer in order to confirm the identity of the caller. (Afterwards, I unenrolled from Spring Power.)

5.      On or about July 30, 2023, I emailed Spring Power at info@springpowerandgas.us to complain that its 2022 telemarketing calls violated Telephone Consumer Protection Act. Afterwards, I received an email from Elliot Hallak (a Spring Power attorney) and began exchanging email with him regarding Spring Power's 2022 telemarketing calls. True and correct copies of August 10, 2023 and September 6, 2023 email chains between Hallak and I are attached to this Declaration as Exhibits 2 and 3. During my email exchange with Hallak, he admitted that I had been enrolled as a customer of Spring Power, but represented that Spring Power's "records indicate that [I] enrolled via a door-to-door sales channel, not through any telephone sales efforts." (Ex. 4 at 1-2, 4.) Again, no Spring Power representative has ever met with me in person.

6.      **Certification:** Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December **20**, 2023          By: _____
                                                        Roland Camunas

# Exhibit 1

| From: | "Amanda Miranda via DocuSign" <dse_NA4@docusign.net> [127.0.0.1] |
|---|---|
| To: | "Roland Camunus" |
| Date: | 12/9/2021 11:47:50 AM |
| Subject: | Completed: Please DocuSign: Settlement and Release_Spring and Roland Camunus.pdf |
| Attachments: | Settlement and Release_Spring and Roland Camunus.pdf |



**Amanda Miranda**
amandamiranda@rrhenergy.us

All parties have completed Please DocuSign: Settlement and Release_Spring and Roland Camunus.pdf.

Good afternoon,

Please review the settlement and release agreement.

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
0A004D24A87448C6B0964D857D4E01D87

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go – or even across the globe – DocuSign provides a professional trusted solution for Digital Transaction Management™.

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach

out to the sender by emailing them directly.

**Stop receiving this email**
Report this email or read more about Declining to sign and Managing notifications.

If you are having trouble signing the document, please visit the Help with Signing page on our Support Center.

Download the DocuSign App

This message was sent to you by Amanda Miranda who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

DocuSign Envelope ID: F7FF6F53-B8FA-463B-8953-70181E300A47

# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into this 7th day of December, 2021 by and between Roland Camunus ("RELEASOR"), residing at 796 Cinnaminson Street Philadelphia PA 19128, and Spring Energy RRH, LLC d/b/a Spring Power & Gas, doing business at 144 N. 7th Street, #417, Brooklyn, New York 11211 ("RELEASEE").

**WHEREAS, RELEASOR** has made claims in a letter dated November 30, 2021 against **RELEASEE** alleging violations of the federal Telephone Consumer Protection Act and/or other state or federal statutes and which **RELEASOR** alleges entitles him to damages,

**WHEREAS, RELEASOR** and **RELEASEE** engaged in discussions regarding the aforementioned allegations and have reached an agreement;

**WHEREAS, RELEASOR** and **RELEASEE** desire to settle, resolve, compromise and discharge with prejudice any and all disputes or differences between them and to avoid the expense, disruption and uncertainty of litigation, and without admitting liability;

**NOW THEREFORE,** it is hereby agreed by **RELEASOR** and **RELEASEE**, and each intending to be legally bound hereby, and in consideration of the mutual promises and covenants herein, that all claims, disputes and/or differences between the parties are herewith settled, resolved, compromised and terminated with prejudice, upon the following terms and conditions:

1. **RELEASEE** will pay to **RELEASOR** the total amount of ███████ ███████████████ as full and final settlement and release of all Claims, as described above, which amount shall be payable within 10 business days of the execution of this Confidential Settlement Agreement and General Release.

2. In consideration of the payment described in Paragraph 1, above, **RELEASOR** hereby releases and discharges the **RELEASEE**, and **RELEASEE'S**, successors, assigns, affiliates, owners, members, managers, officers, directors, employees, agents and representatives from all actions, causes of action, complaints, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity (collectively, the "Claims") which against the **RELEASEES** the **RELEASOR** or **RELEASOR'S** successors and assigns ever had, or now has, for, upon, or by reason of any matter, cause, or thing whatsoever, including, but not limited to, any Claim that may be brought individually or on a class action basis or on a basis involving Claims brought in a purported representative capacity on behalf of others, from the beginning of the world to the day of the date of this Agreement.

3. In consideration of the payment described in Paragraph 1, above, **RELEASEE** hereby releases and discharges the **RELEASOR**, and **RELEASOR'S**, successors, assigns, affiliates, owners, members, managers, officers, directors, employees, agents and representatives from all actions,

1

DocuSign Envelope ID: F7FF6F53-B8FA-463B-8953-70181E300A47

2

causes of action, complaints, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity (collectively, the "Claims") which against the **RELEASOR** the **RELEASEE** or **RELEASEE'S** successors and assigns ever had, or now have, for, upon, or by reason of any matter, cause, or thing whatsoever, including, but not limited to, any Claim that may be brought individually or on a class action basis or on a basis involving Claims brought in a purported representative capacity on behalf of others, from the beginning of the world to the day of the date of this Agreement.

4.  Both **RELEASOR** and **RELEASEE** agree not to make any statement, written or verbal (including, but not limited to, any statements made via news media, websites, blogs, social media, postings to the internet, or emails, and whether or not they are made anonymously or through the use of a pseudonym), or cause or encourage others to make any such statements, written or verbal, that defame, disparage, ridicule, or in any way criticize the personal or business reputation, practices and/or conduct of **RELEASOR** or **RELEASEE**, its products, services, policies, affiliates, subsidiaries, successors, assigns, members, managers, officers, directors, employees, agents and representatives.

5.  This Confidential Settlement Agreement and General Release shall not be construed as an admission by **RELEASEE** of any kind. The parties acknowledge and agree that **RELEASEE** does not admit to a violation of any law or regulation by participating in this settlement.

6.  Benefit and Burden. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, executors, administrators, representatives, successors and assigns.

7.  Entire Agreement. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning the subject matter hereof are contained herein. No other agreements, covenants, representations or warranties, expressed or implied, oral or written, have been made by any Party to any other Party concerning the subject matter hereof. All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties concerning the subject matter hereof are merged herein. The Parties agree that this Agreement can only be amended by a writing signed by both Parties.

8.  Voluntary Agreement. The Parties further represent and declare that they have carefully read this Agreement and know the contents thereof and that they sign the same freely and voluntarily.

9.  Past Attorneys' Fees and Costs. Each Party shall bear its own attorneys' fees, costs, and expenses incurred by it in connection with the disputes settled by this Agreement.

10. Signatures. The Parties hereby signify their agreement to the above terms by their signatures below. The authorized representatives of **RELEASOR** and **RELEASEE** represent that he is authorized to execute this Agreement on behalf of **RELEASOR** and **RELEASEE**, respectively. Electronic signatures (including but not limited to facsimiles, and other forms of electronic mediums of conveying that this Agreement was signed by the Parties) of this Agreement shall be binding on the parties, as if such copy and electronic signature was signed in original by the

DocuSign Envelope ID: F7FF-6F53-B8FA-463B-8953-70181E300A47

respective Parties executing such signature.

11. The words **"RELEASOR"** and **"RELEASEE"** include all releasors and all releasees under this Agreement.

IN WITNESS WHEREOF, the Parties either personally or through their duly authorized officers or agents, have executed this Agreement, on the date first written above.

**Spring Energy RRH, LLC d/b/a Spring Power & Gas**

By: _____
(Signature)

Name: ___Gregory Hasiak_____
(Printed)

Title: ___Director of Operations._____
(Printed)

**Roland Camunus**

_____
(Signature)

3

# Exhibit 2

From: "Elliot A. Hallak" <ehallak@HarrisBeach.com> [104.47.57.43]
To: "Roland Camunas" <​█████████████​>
Date: 8/10/2023 8:02:17 AM
Subject: RE: Spring Energy TCPA Claim

Roland -- I have reviewed the recordings you shared with my client. They continue to maintain that they did not make those calls. Can you please provide me with your telephone bill showing these calls so that we can look into this further.

Best regards,

**Elliot A. Hallak**
Partner

677 Broadway, Suite 1101
Albany, NY 12207
518.701.2748  Direct
561.702.0407  Mobile
518.427.0235  Fax
518.427.9700  Main

   



**HARRIS BEACH**
ATTORNEYS AT LAW
*Discover True Engagement*

**HARRISBEACH.COM**

Albany  |  Buffalo  |  Ithaca  |  Long Island
New York City  |  Rochester  |  Saratoga Springs
Syracuse  |  White Plains  |  New Haven, CT
Newark, NJ  |  Washington, D.C.

**From:** Roland Camunas <​████████████​>
**Sent:** Tuesday, August 8, 2023 4:01 PM
**To:** Elliot A. Hallak <ehallak@HarrisBeach.com>
**Subject:** Spring Energy TCPA Violations

Mr. Hallak,

**Call From 215-351-1195 - Received 05-10-2022 - ...**

I do not make baseless claims nor do I, as you state, make "threats to extract payment".

I have attached call documentation and audio recordings of calls that were made to my number by, or for the benefit of Spring Power/Spring Energy. I trust they will serve as sufficient proof of the validity of my claim.

I have not yet engaged counsel as I was hoping to resolve this matter without the need for litigation.

Call 1 placed on 12-28-2021 from 215-359-8921. The agent asks if I remember her previous call. The call quality was very poor and the connection was lost.

Call 2 audio was not useable.

Call 3 placed on 02-19-2022 from 215-351-1178. The agent coaches me on the answers for the TPV. He also refers to the previous call where he made up an email address so he could receive the confirmation.

Call 4 placed on 02-19-2022 from 215-351-1738. Another annoying call telling me what to say to the

TPV caller.

Call 5 placed on 02-19-2022 from 215-351-1171. The agent could not hear me and hung up.

Call 6 placed on 03-08-2022 from 419-333-8945. The agent refers to a call the previous week. He also says he knows about my complaints and that he will put my number on the DNC list. When I tell him not to call back and that half the calls I get are hang-ups; he hangs up.

Call 7 placed on 03-09-2022 from 215-351-1777. I received calls from this number on three separate occasions (03-09-22, 06-22-22, and 07-27-22). The same agent calls asking if I received the discount papers from Spring Power - He hung up when I told him I did not have time to talk.

Call 8 placed on 03-28-2022 from 870-725-4759 at 4:14 PM. No one said anything. I have received calls from this number 3 different times (03-28-22 at 4:14, 5:45, and 5:46 PM)

Call 9 placed on 03-28-2022 from 870-725-4759 about 30 seconds after call 8. Messed up audio but you can hear the same agent say hello at the beginning of the recording.

Call 10 placed on 03-28-2022 from 215-780-1836. The agent says that Greenlight Energy is for commercial accounts and that he is switching me to Spring Power. He clearly identifies Spring Power and Gas at 2 minutes and 45 seconds into the recording.

Here is another call you may find interesting...

Call From 215-351-1195 - Received 05-10-2022. Agent says he called three months ago. He identifies Spring Power at 10:20 into the call. I went along with his instructions until I was able to get the name of the company. I tell them not to call me again.


As a show of good faith, I will extend my original offer until end of the business day (5PM), Monday, August 14th, 2023.


Regards,

*Roland Camunas*
(215) █████

**Statement of Confidentiality**
This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender

Exhibit 3

From:   "Roland Camunas" <░░░░░░░░░░░░░░░░░░>

To:   "Elliot A. Hallak" <ehallak@harrisbeach.com>

CC:   "Chris Miltenberger" <chris@crmlawpractice.com>

Date:   9/6/2023 2:57:58 PM

Subject:   Re: Roland Camunas adv. Spring Energy - for settlement purposes only

Mr. Hallak,

I am writing to express my disappointment and frustration with the way our communication has been progressing, or rather, the lack thereof. Despite my sincere efforts to resolve our dispute amicably and professionally, my goodwill and patience have reached their limits.

Throughout this legal process, I have consistently attempted to engage in open and constructive dialogue in the hopes of finding a mutually beneficial resolution. However, it is now clear to me that your approach to this matter does not reflect the seriousness and respect that it warrants.

Given these circumstances and the direction of our interactions, I have decided that it is in my best interest to appoint legal representation to manage all further communications on my behalf. Effective immediately, I request that you direct all future correspondence related to this case to my attorney, Chris Miltenberger.

Chris Miltenberger
1360 N. White Chapel Blvd.
Suite 200
Southlake, TX 76092
chris@crmlawpractice.com
Phone: 817-416-5060

I trust that my decision to seek legal representation will help facilitate a more organized and productive exchange of information between our parties so that we can now move towards a resolution of our dispute without further delay. I look forward to your cooperation in this matter and expect that all future communications will be directed to my attorney as per my request.

Respectfully,

*Roland Camunas*
(215) ░░░░░░

On Wed, Sep 6, 2023 at 6:00 PM Elliot A. Hallak <ehallak@harrisbeach.com> wrote:

**FOR SETTLEMENT PURPOSES ONLY**

Mr. Camunas:

We are sorry that you take exception to the tenor of our communications.  My client and I have endeavored to be as polite and professional as possible, but my client is understandably displeased with having to address meritless demands, particularly when it has previously made a payment to you to resolve prior baseless claims.  In the last instance, my client made a payment to you solely in the interest of avoiding the costs of defending a meritless claim.  As mentioned in my prior correspondence, that settlement and payment was not intended to be an invitation for you to seek additional monies from my client.

Your claim that you enrolled with Spring Power to gather evidence as to the identity of the caller is demonstrably untrue.  Spring's records indicate that you enrolled via a door-to-door sales channel,

not through any telephone sales efforts.  Nonetheless, as a matter of law, once you enrolled as a customer (regardless of what you claim your intentions were), you created an established business relationship with Spring Power, which is fatal to any claim that you received unauthorized calls.  As with your last claim, contrary to your assertions, Spring Power did not make the calls for which you claim.

Spring Power is aware of the unfortunate business realities and the costs and business disruption that you have already caused it to incur and can force it to incur if you were to file suit, regardless of the lack of merit of your claims.  Against its better judgment, Spring Power is willing to make a payment in the amount of ▮▮▮▮▮▮ to fully and finally resolve any issues regarding any alleged calls you received through the date of settlement and anything related to any business relationship you ever had with Spring.  This offer will require the execution of a settlement agreement containing standard terms whereby neither party admits liability or wrongdoing, a general release from you to Spring Power, along with confidentiality and non-disparagement provisions.

Spring Power has made its position clear and is not interested in having further dialogue on this matter or entertaining any counterproposals.  If you wish to accept this proposal, Spring Power will prepare the appropriate settlement document to bring this matter to conclusion.  Unless withdrawn prior, this offer shall remain in effect for one week from the date and time of this communication, at which point, Spring Power's offer shall be deemed automatically revoked.

We look forward to hearing from you.

Best regards,

**Elliot A. Hallak**
Partner

677 Broadway, Suite 1101
Albany, NY 12207
518.701.2748   Direct
561.702.0407   Mobile
518.427.0235   Fax
518.427.9700   Main

    



HARRIS BEACH
ATTORNEYS AT LAW
*Discover True Engagement*

HARRISBEACH.COM

Albany | Buffalo | Ithaca | Long Island
New York City | Rochester | Saratoga Springs
Syracuse | White Plains | New Haven, CT
Newark, NJ | Washington, D.C.

**From:** Roland Camunas <███████████████>
**Sent:** Thursday, August 31, 2023 2:08 PM
**To:** Elliot A. Hallak <ehallak@HarrisBeach.com>
**Subject:** Re: Roland Camunas adv. Spring Energy

Mr. Hallak,

I am reaching out one last time out of respect for Mr. Norval because of the professional manner in which he communicated during my previous interactions with Spring Power and Gas (SPG). He maintained a high level of professionalism and courtesy throughout our conversations, a stark contrast to the insulting and threatening tone that I have unfortunately encountered in your email.

Mr. Norval reviewed the evidence and recognized that my offer to settle was generous and fair. I hoped that settlement would bring an end to the persistent calls that have disrupted my work and my daily routine. While there was a brief respite in the calls after my discussions with Mr. Norval, the annoying calls resumed shortly thereafter.

I went through the entire sign-up process to definitively ascertain the source of these calls. As a direct result of this investigation, I found that the source, once again, is Spring Power and Gas. Once I had the information, I terminated my association with SPG and reverted to my previous energy supplier.

I must stress that my correspondence in July of 2023 does not indicate any recognition of an established business relationship. The only prior interaction with SPG was the settlement agreement that pertained to the previous series of calls. It's worth noting that even if such a relationship did exist, it would have been duly terminated. Furthermore, the calls continued even after I gave clear instruction, in multiple calls, to cease all communications. No reasonable person could find any justification for the ongoing barrage of calls that ensued.

Several key points for you to consider:

- Why would Spring Power resume contacting me after the initial settlement was reached?
- A call on 3-8-22, references placing me on the Do Not Call list, to which I expressly demanded an end to these communications.
- The call on 3-28-22, concluded with my explicit instruction to discontinue all calls, expressing my exclusive preference for PECO as my service provider.
- The call on 5-10-22 identifies SPG at the 10:24-minute mark, with a clear directive at 12:20 in the call to refrain from further contact.

I would like to emphasize that this email marks my final endeavor to resolve this matter amicably, prior to engaging my attorney and pursuing litigation. Should you wish to engage in a discussion regarding this issue, I am open to a conversation.

Respectfully,

*Roland Camunas*

(215)

On Mon, Aug 28, 2023 at 8:35 AM Elliot A. Hallak <ehallak@harrisbeach.com> wrote:

> Mr. Camunas:
>
> I am in receipt of your email after 4pm on Friday, August 25, 2023 demanding a response by 9am on Monday, August 28, or else you intend to file suit. Setting aside the unreasonableness of your demand, I write in response on behalf of Spring Power & Gas.
>
> In December 2021, you entered into a Confidential Settlement Agreement and Release, whereby Spring Power made a payment to you – without admitting any responsibility - to settle alleged claims regarding telephone calls you claimed to receive.  Please understand that payment was not intended to signal that Spring Power is an easy target for you to extract additional funds.
>
> Thereafter, on February 19, 2022, you enrolled as a customer of Spring Power, which you quickly terminated purportedly to use a different energy supply company.
>
> On or about July 30, 2023, you wrote Spring Power demanding payment in the amount of $25,000 or Spring Energy "should expect that a lengthy and detailed discovery process…will accompany that suit".  In that communication, you seem to recognize that calls are permissible to parties for which an established business relationship exists.  As a matter of law, by enrolling as a customer of Spring Power, you created an established business relationship thereby precluding you from maintaining any claims regarding calls you claim to have received.
>
> Nonetheless, Spring Energy has no records of the calls you claim to have received and you have declined my request that you provide phone bills or other information for Spring Power to authenticate or substantiate your claims.  Based upon your enrollment with Spring Power and established business relationship, you simply have no viable claim against Spring Power, regardless of any calls you claim to have received.
>
> Based upon the foregoing, it is in everyone's best interest for you to simply accept that you have no viable claim against Spring Power and let this matter go.  While Spring Power cannot prevent you (or any attorney on your behalf) from filing suit, it feels compelled to warn you that any suit will be fiercely defended and responded with claims against you to the fullest extent of the law, and that you will not obtain any recovery from Spring Energy.
>
> It is unclear from your correspondence whether you have engaged an attorney relative to this matter as you mention either turning this matter over to an attorney or possibly filing suit yourself.  If you have or do retain counsel for this matter, please provide this communication to your counsel and have your counsel contact me so that communications can be held between counsel.
>

> Spring Energy hopes this matter is fully resolved based upon the facts surrounding your alleged claim.
>
> Very best regards,
>
>
>
>
> Elliot A. Hallak
> Partner
>
> 677 Broadway, Suite 1101
> Albany, NY 12207
> 518.701.2748   Direct
> 561.702.0407   Mobile
> 518.427.0235   Fax
> 518.427.9700   Main
>
> [AddToContacts]<https://viz.me/ehallak/>  |  [ViewBio] <https://www.harrisbeach.com/bio/hallak-elliot-a>  |  [HB-LinkedIn] <https://www.linkedin.com/company/harris-beach-pllc>  |  [HB-Twitter] <https://twitter.com/HarrisBeach>
>
> [Harris-Beach-Logo]
>
>         HARRISBEACH.COM<HTTPS://www.harrisbeach.com>
>
> Albany<https://www.harrisbeach.com/offices/>  |  Buffalo<https://www.harrisbeach.com/offices/>  |  Ithaca<https://www.harrisbeach.com/offices/>  |  Long Island<https://www.harrisbeach.com/offices/>
> New York City<https://www.harrisbeach.com/offices/>  |  Rochester<https://www.harrisbeach.com/offices/>  |  Saratoga Springs<https://www.harrisbeach.com/offices/>
> Syracuse<https://www.harrisbeach.com/offices/>  |  White Plains<https://www.harrisbeach.com/offices/>  |  New Haven, CT<https://www.harrisbeach.com/offices/>
> Newark, NJ<https://www.harrisbeach.com/offices/>  |  Washington, D.C.<https://www.harrisbeach.com/offices/>
> From: Roland Camunas <█████████████>
> Sent: Friday, August 25, 2023 4:04 PM
> To: Elliot A. Hallak <ehallak@HarrisBeach.com>
> Subject: NOTICE of Intent to File Suit – DO NOT IGNORE THIS LETTER
>
>
> Spring Energy / Elliot A. Hallak
>
> Re: NOTICE of Intent to File Suit – DO NOT IGNORE THIS LETTER
>
> Gentlemen,
>
> On August 10th, 2023, I received an email from you asking for more information so you could look into this further. I responded to your request by sending more documentation the same day. At

that time, as a show of good faith, I offered to extend my original offer until the end of the business day (5PM), Monday, August 14th, 2023. It is now 4 PM on Friday August 25th, and I have not received any communication of any kind from you or your client. I am hereby notifying you that if I do not have any response by 9AM Monday August 28th, I will either turn this matter over to my attorney or proceed with filing the case myself.
> I can assure you that I am serious about pursuing this matter. If I move forward with litigation, I will be seeking the fullest award of damages allowed by law plus all reasonable costs of prosecuting the action, including court costs, investigation costs, discovery expenses, witness fees, and attorney fees.
> Respectfully,
>
> Roland Camunas
> (215)
>
> Statement of Confidentiality
> This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender
Statement of Confidentiality
This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender

**Statement of Confidentiality**
This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender