# PRESTON/LAW OFFICES

4054 McKinney Avenue, Suite 310 / Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us



**Via ECF**
The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse, Room 1960
500 Pearl Street
New York, New York 10007-1312

January 18, 2024

    Re:    *Nock v. Spring Energy RRH, LLC*, No. 1:23-cv-01042, pending in the United States District Court for the Southern District of New York

Your Honor,

This firm (together with Wilson Law) represents Plaintiff Robert Nock ("Plaintiff" or "Nock") in this case.

On January 17, 2024, Nock filed his response (ECF No. 56) to Defendants Spring Energy RRH, LLC, RRH Energy Services, LLC, and Richmond Road Holdings, LLC's (collectively "Defendants") January 12, 2024 letter ("Letter") (ECF No. 55). Nock's response includes a redacted copy of the December 20, 2023 declaration of Roland Camunas. (*See* ECF No. 56-1.) Consistent with the Appendix in your Honor's Individual Practices, this letter brief moves the Court via to seal the attached unredacted copy of the Camunas declaration. Defendants have indicated that they do not oppose this relief, and that the amount of consideration Defendants paid to Camunas in exchange for the release of his TCPA claims for pre-November 30, 2021 telemarketing calls should be sealed.

The Camunas declaration is relevant to evaluating Nock's claim that at least two of Defendants' vendors were engaged in the same scheme to disguise telemarketing calls as door to door sales. The presumptive right of access applies to "judicial documents," that is, documents filed with the Court that are "'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). There is split authority on whether a document submitted before this Court in the context of a non-dispositive motion constitutes such a judicial document.[1] In an abundance of caution,

---

[1]     *Cf. VR Optics, LLC v. Peloton Interactive, Inc.*, 16-6392 , 2019 WL 2121690, *8 (S.D.N.Y. May 15, 2019) (presumptive right of access applied to "exhibits filed in connection with these motions to compel" discovery) *with Sparrow Fund Management LP v. MiMedx Group, Inc.*, No. 18-4921, 2021 WL 2822167, *3 n.1 (S.D.N.Y. July 7, 2021) (filings were "not judicial documents insofar as they have never been submitted or relied on in connection with dispositive motions," and "[e]ven when the Court assesses such documents in the context of a discovery motion, [they] remain non-judicial"); *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) ("materials filed with the court in connection with discovery-related disputes are not covered by the qualified right of access," citing, e.g., *SEC v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir.2001) (rejecting claim that deposition testimony became a "judicial document" "because the Court reviewed it in order to decide whether or not to enter [a] protective order"). *See also Center for Auto Safety v. Chrysler Group, LLC*,

The Honorable Robert W. Lehrburger
January 18, 2024
Page 2 of 2

Nock assumes *arguendo* that the Camunas declaration is a judicial document, and the presumptive right of access applies.

      On a motion to seal, the Court must weigh "(1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein*, 814 F.3d at 142. The redactions in the public version of the Camunas declaration include (1) Camunas's complete telephone number, (2) Camunas's email address, and (3) the amount of consideration Defendants paid to Camunas in exchange for the release of his TCPA claims arising from the pre-November 30, 2021 telemarketing calls he received. This information has little or no foreseeable role in the Court's exercise of Article III judicial power. Likewise, this information does not help the public assess any judicial decision on Defendants' motion: it has no value for monitoring the Court's function. *Cf. Strauss v. Credit Lyonnais, S.A.*, Nos. 06-702, 2011 WL 4736359, *5 (E.D.N.Y. Oct. 6, 2011) ("while the parties undoubtedly will use discrete items of information contained in the bank records in their motions [they] are not likely, either singly or collectively, to be important to understanding the issues to be presented by the parties").

      Conversely, publicly exposing Camunas's telephone number and email runs a real risk of exposing him to unwanted and unsolicited communications. "The privacy interests of innocent third parties [] should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (cleaned up). It would be perverse to punish Camunas with such public exposure while he is assisting Nock's litigation of his class claims: preventing such unsolicited communications is, after all, the TCPA's *raison d'etre*. Likewise, Defendants contend the amount of consideration paid to Camunas is private. The Second Circuit has held "material related to settlement discussions and documents [] 'do not carry a presumption of public access.'" *SEC*, 273 F.3d at 233 (citation omitted). *Cf. Amodeo*, 71 F.3d at 1051 ("Financial records [] and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public"). Public disclosure of the three redacted categories of information identified above will do nothing to help assess the Court's ruling on Defendants' motion, and infringes on the privacy interest of both Camunas and Defendants. Camunas respectfully asks the Court to seal the unredacted copy of the Camunas declaration attached to this letter motion.

Granted.

SO ORDERED:

1/18/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Sincerely,

s/Ethan Preston

Ethan Preston

cc: Counsel of record (via ECF)

---

    809 F.3d 1092, 1097 (9th Cir. 2016) ("less exacting 'good cause' standard" applies to sealing "materials attached to a discovery motion unrelated to the merits of a case").