# PRESTON/LAW OFFICES

4054 McKinney Avenue, Suite 310 / Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us

*Via ECF*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2024
```

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse, Room 1960
500 Pearl Street
New York, New York 10007-1312                                    February 29, 2024

   Re: *Nock v. Spring Energy RRH, LLC*, No. 1:23-cv-01042, pending in the United
      States District Court for the Southern District of New York

Your Honor,

  This firm (together with Wilson Law) represents Plaintiff Robert Nock ("Plaintiff" or "Nock") in this case. Nock seeks to serve a subpoena on an important witness (Neil St. Louis) but, despite diligent efforts, has been unable to do so. In this letter, Nock seeks entry of an order granting him leave to serve Mr. St. Louis via substitute service.

  In this class action lawsuit, Nock contends that sales agents of Defendants Spring Energy RRH, LLC, RRH Energy Services, LLC, and Richmond Road Holdings, LLC disguised their telemarketing campaigns for Defendants as door-to-door sales, in order to evade TCPA liability for these campaigns. On the basis Defendants contend they "did not condone or authorize any such conduct," but were instead the telemarketing campaigns' unwitting and innocent beneficiaries. (ECF No. 62 ¶24. *See* ECF No. 55.) Defendants served the sales agent who controlled the call to Nock (Endurance Sales & Marketing LLC ("Endurance")) with their third-party complaint on January 24, 2024. (ECF No. 68.) Nock has no particular reason to believe that Endurance is not judgment proof: if Defendants were sincerely litigating against Endurance, they would have sought to hold its owner liable, or at least entered a default before now. (*Cf.* Fed. R. Civ. P. 12(a).) Instead, Defendants' last motion sought to limit Nock's discovery to Endurance. (ECF No. 55.) The discovery yielded by the order on that motion indicates that *at least two of Defendants' other sales agents* (besides Endurance) called Roland Camunas between September 10, 2021 and July 10, 2022.[1]

  Nevertheless, Defendants have produced documents which could be used to paint Mr. St. Louis as the mastermind of the scheme to disguise Endurance's telemarketing campaign as door-to-door sales (not its fall guy). (*See* ECF No. 56-9 at 4.) To address any evidentiary gaps left by those documents, Nock attempted to serve a subpoena for testimony and documents on Mr. St. Louis and his company (NSL Marketing, LLC ("NSL")) at his Brooklyn residence four different times since February 16, 2024. The time for production on Nock's subpoena has elapsed, and

---

[1] *See* ECF No. 67 ("Defendants shall search for and produce discovery material with respect to the vendor that communicated with Roland Camunas for a time period that precedes by two months the first alleged call with Mr. Camunas in late 2021 and extends to the two-month period following the last alleged call with Mr. Camunas in early 2022").) Nock understands the first and last calls on Defendants' behalf to Roland Camunas were on November 10, 2021 and May 10, 2022. (*See* ECF No. 56-1, Ex. 2 at 2, Ex. 3 at 3.)

Nock now needs to serve a new subpoena.[2]

Nock seeks leave from the Court to effect substitute service of the new subpoena on Mr. St. Louis, together with a copy of the Court's order on this letter, via: (1) NSL's corporate agent for service of process (CSC); (2) certified mail to Mr. St. Louis's residence (207 East 96th Street, Apartment 1R, Brooklyn, New York 11212); and (3) emailing Mr. St. Louis (at stlouisneil@gmail.com). The Court has permitted substitute service under Rule 45 under appropriate circumstances:

> By its text, Rule 45 requires only "delivering" the subpoena to the named person, Fed. R. Civ. P. 45(b)(1), and does not dictate the manner in which the delivery must occur. Notably, Rule 45(b)(4) requires that the proof of service of a subpoena, which must be filed with the issuing court, specify the "manner of service" of the subpoena. As noted in [*Cordius Trust v. Kummerfeld*, No. 99-3200, 2000 WL 10268, *2 (S.D.N.Y. Jan. 3, 2000)], reading Rule 45 to permit only personal service would render [Rule 45(b)(4), which requires party enforcing a subpoena to specify the "manner of service"] superfluous. [] Rule 45 permits service of subpoenas by means other than personal service under appropriate circumstances.

*Securities and Exchange Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (citations omitted). The circumstances here are appropriate substitute service. Nock has made four failed attempts at personal service. (*See* Exs. 1 and 2.) The Court has approved substitute service after as few as "two unsuccessful attempts" at personal service. *Ultradent Prods., Inc. v. Hayman*, No. 08-85, 2002 WL 31119425, *3 (S.D.N.Y. Sept. 24, 2002). *See QED, LLC v. Faber Daeufer & Itrato, P.C.*, No. 20-2767, 2020 WL 5642256, *1, *2 (S.D.N.Y. Sept. 22, 2020) (approving substitute service after unsuccessful attempts on "three occasions at [the witness's] last known address"). Indeed, the Court has held substitute service suffices under Rule 45 without any prior effort at personal service at all. *See Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 84 n.5 (S.D.N.Y. 2002) ("substitute service [] followed by mailing properly labeled copies to the same address" was "sufficient" under Rule 45).

> Alternative service methods – such as service by certified mail – will be permitted where such service "reasonably insures actual receipt of the subpoena by the witness" and "comports with due process" insofar as it is "reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections."

*Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18-4921, 2021 WL 2767131, *1 (S.D.N.Y. July 2, 2021) (citations omitted). Serving NSL via its registered agent for service suffices as to NSL. (*Cf.* Ex. 3 *with Ultradent Prods, Inc. v. Hayman*, No. 08-85, 2002 WL 31119425, at *3 (S.D.N.Y. Sept. 24, 2002) ("provide that proper service of process upon a corporation may be made by serving [] upon a designated agent for that corporation," citing N.Y. Bus. Corp. Law § 304(a)). And NSL is a one man corporation, so service on it would effectively give Mr. St. Louis notice of the subpoena. "Rule 45's language 'neither requires in-hand service nor prohibits alternative means of service.'" *Pence*, 322 F.R.D. at 453 (citation omitted). Service on Mr. St.

---

[2] As with Nock's prior subpoena, the designated place of production for the new subpoena will be in this District. As the "court for the district where compliance is required," this Court is the proper venue to seek relief with respect to such subpoena under Rule 45.

Louis via NSL (buttressed with certified mail and email) is equivalent to the Court's other approvals of substitute service. *QED*, 2020 WL 5642256, at *1 (substitute service via certified mail and email to witness's counsel of record in different case); *Beare v. Millington*, No. 07-3391, 2010 WL 234771, *4 (E.D.N.Y. Jan. 13, 2010) (finding service of "first subpoena [] affixed to [witness's] door and mailed to him after three attempts to serve him personally" and service of "second subpoena [via] certified mail" "valid"); *Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, No. 06-7764, 2008 WL 3833238, at *3 (S.D.N.Y. Aug. 15, 2008) (service on prior counsel and "service of agents at his businesses [] and via mail, is sufficient to provide him with actual timely notice"); *In re Shur*, 184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995) (service via mail and personal delivery to "counsel [for witness] in another state court proceeding").

Here, service via certified mail to the Brooklyn address and email to the Gmail account are "reasonably calculated under the circumstances" to provide Mr. St. Louis with actual notice of the new subpoena. On Nock's first attempt at personal service, a resident of the building in the Brooklyn address stated he knew who Mr. St. Louis was, and that he would accept the subpoena for Mr. St. Louis, but refused to identify himself. (*See* Exs. 1 and 2.) Defendants' own records indicate Mr. St. Louis resides at the Brooklyn address. (See SPRING-002847, SPRING-002829). The stlouisneil@gmail.com email address is also consistent with Defendants' records. (SPRING-002752, SPRING-002753, SPRING-003412.)

Defendants have indicated that they do not object to the relief sought in this letter.

Sincerely,

s/Ethan Preston

Ethan Preston

cc: Counsel of record (via ECF).

---

The application for substitute service is granted. Service of the subpoena shall be made as requested and set forth in the highlighted (first full paragraph) on page 2 of this letter.

SO ORDERED:

3/1/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE