# PRESTON/LAW OFFICES

4054 McKinney Avenue, Suite 310 / Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/2024
```

**Via ECF**

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse, Room 1960
500 Pearl Street
New York, New York 10007-1312                                June 10, 2024

   Re: *Nock v. Spring Energy RRH, LLC*, No. 1:23-cv-01042, pending in the United States District Court for the Southern District of New York

Your Honor,

  This firm (together with Biles Wilson, PLLC) represents Plaintiff Robert Nock ("Plaintiff" or "Nock") in this case.

  On June 10, Nock filed his motion to continue the discovery deadlines in this case. (ECF No. 95.) The motion cites and relies on documents that Defendants Spring Energy RRH, LLC, RRH Energy Services, LLC, and Richmond Road Holdings, LLC (collectively "Defendants") have designated as confidential under the Court's stipulated protective order. (*Cf.* ECF No. 41 *with* SPRING-029522 and SPRING-032414.) Consistent with the Appendix in your Honor's Individual Practices, this letter brief moves the Court via to seal the attached unredacted copy of Nock's motion and the supporting documents. For his own account, Nock only seeks to redact Camunas's 215 area code telephone number from SPRING-032414.

  Otherwise, Nock's only basis to file the unredacted motion and supporting documents under seal is to comply with the stipulated protective order and Defendants' confidentiality designations. Nock's motion contains information derived from SPRING-029522 and SPRING-032414. SPRING-029522 shows that at least two of Defendants' vendors (Endurance and MBM) were engaged in the same scheme to disguise telemarketing calls as door-to-door sales. SPRING-032414 contains evidence that Defendants relied on wholly incredible evidence of "consent" to deny complicity in TIPS's TCPA violations. Hence, these documents are both relevant to Nock's motion to continue the discovery deadline, and to expand discovery to cover every ostensible "door-to-door" vendor where the GPS coordinates place the vendors' agents outside of the country.

  The presumptive right of access applies to "judicial documents," that is, documents filed with the Court that are "'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). There is split authority on whether a document submitted before this Court in the context of a non-dispositive motion constitutes such a judicial document.[1]

---

[1]  *Cf. VR Optics, LLC v. Peloton Interactive, Inc.*, 16-6392 , 2019 WL 2121690, *8 (S.D.N.Y. May 15, 2019) (presumptive right of access applied to "exhibits filed in connection with these motions to compel" discovery) *with Sparrow Fund Management LP v. MiMedx Group, Inc.*, No. 18-4921, 2021 WL 2822167, *3 n.1 (S.D.N.Y. July 7, 2021) (filings were "not

The Honorable Robert W. Lehrburger
June 10, 2024
Page 2 of 3

On a motion to seal, the Court must weigh "(1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein*, 814 F.3d at 142. SPRING-032414 contains Camunas's complete telephone number. This information has little or no foreseeable role in the Court's exercise of Article III judicial power. Likewise, this information does not help the public assess any judicial decision on Nock's motion: it has no value for monitoring the Court's function. *Cf. Strauss v. Credit Lyonnais, S.A.*, Nos. 06-702, 2011 WL 4736359, *5 (E.D.N.Y. Oct. 6, 2011) ("while the parties undoubtedly will use discrete items of information contained in the bank records in their motions [they] are not likely, either singly or collectively, to be important to understanding the issues to be presented by the parties"). Conversely, publicly exposing Camunas's telephone number and email runs a real risk of exposing him to unwanted and unsolicited communications. "The privacy interests of innocent third parties [] should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (cleaned up). It would be perverse to punish Camunas with such public exposure while he is assisting Nock's litigation of his class claims, and preventing such unsolicited communications is the TCPA's *raison d'etre*. Public disclosure of this information will do nothing to help assess the Court's ruling on Defendants' motion, and infringes on Camunas's privacy interests.

Outside Camunas's telephone number, however, SPRING-029522 contains critical evidence that Defendants' scheme to disguise telemarketers as "door-to-door" vendors was not limited to Endurance, while SPRING-032414 shows Defendants relied on implausible evidence that TIPS had consent to call Camunas. This information is essential to understanding the record on which the Court permits or limits discovery, which will play an essential role (indeed, effectively control) how matters outside of the permitted scope of discovery will ultimately be resolved. While Defendants obviously can respond and supplement the record under Appendix B.4 in your Honor's Individual Practices, the current record does not suggest a genuine need for the Court to seal these documents. It is not enough that disclosure threatens to "expos[e]" Defendants "to additional liability and litigation" because "a litigant is not entitled to the court's protection from [that] type of harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (summarizing, following *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483, 486 (D.N.J. 1990)).

---

judicial documents insofar as they have never been submitted or relied on in connection with dispositive motions," and "[e]ven when the Court assesses such documents in the context of a discovery motion, [they] remain non-judicial"); *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) ("materials filed with the court in connection with discovery-related disputes are not covered by the qualified right of access," citing, e.g., *SEC v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir.2001) (rejecting claim that deposition testimony became a "judicial document" "because the Court reviewed it in order to decide whether or not to enter [a] protective order"). *See also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("less exacting 'good cause' standard" applies to sealing "materials attached to a discovery motion unrelated to the merits of a case").

Sincerely,

s/Ethan Preston

Ethan Preston

cc: Counsel of record (via ECF)

The request to seal is denied as moot in light of the revised motion at Dkt. 99.

SO ORDERED:

6/13/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE