# PRESTON/LAW OFFICES

4054 McKinney Avenue, Suite 310 / Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us

**Via ECF**

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse, Room 1960
500 Pearl Street
New York, New York 10007-1312

August 9, 2024

Re: *Nock v. Spring Energy RRH, LLC*, No. 1:23-cv-01042, pending in the United States District Court for the Southern District of New York

Your Honor,

This firm (together with Wilson Law) represents Plaintiff Robert Nock ("Plaintiff" or "Nock") in this case. Nock seeks entry of an order under Federal Rule of Evidence 502(d) to preserve his discovery objections in the circumstances described below. *Cf.* Fed. R. Civ. 502(d) ("Controlling Effect of a Court Order. A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding"). Defendants Spring Energy RRH, LLC, RRH Energy Services, LLC, and Richmond Road Holdings, LLC (collectively "Defendants") have indicated they do not oppose this relief.

Defendants terminated their relationship with NSL Marketing, LLC and Neil St. Louis (together, "NSL") no later than May 11, 2021. (*See* ECF No. 55-2.) Elsewhere, Nock has alleged he received calls from NSL on behalf of a different company (called Indra), starting on May 18, 2021. (*See* Amended Complaint, *Nock v. PalmCo Administration, LLC*, No. 1:24-cv-00662 (D. Md. June 10, 2024), ECF No. 28 ¶62.) Defendants now insist that Nock produce call records covering the entirety of the time period that Nock alleges that he received calls made by or on behalf of Defendants "*and/or Indra Energy*," claiming that these records are responsive to various document requests by Defendants. Nock opposes this discovery, and contends that the record shows a clear, clean break between Defendants' May 11, 2021 termination of NSL's services, and the May 18, 2021 call from Indra alleged in Nock's other case. Nock wishes to disclose information to Defendants on a confidential basis to substantiate his contentions, without waiving his objections to the document requests at issue (including work product). Nock seeks an order from the Court under Rule 502(d) that the disclosure of information (including information which helps demonstrate why post-May 11, 2021 documents are not relevant to this case) in the course of meeting and conferring with Defendants about their demands for production of documents relating to Indra will not constitute a waiver of any of Nock's objections in this case, or a waiver of any applicable privilege and work-product objections "in any other federal or state proceeding." Fed. R. Evid. 502(d).

Sincerely,

s/Ethan Preston

Ethan Preston

cc: Counsel of record (via ECF).

---

Request granted. If Plaintiff makes the described disclosure for the purposes stated, doing so will waive any objections, privilege, or other protections that otherwise apply.

SO ORDERED:

8/12/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE