```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT NOCK,                                                :
                                                            :   23-CV-1042 (JHR) (RWL)
                                        Plaintiff,          :
                                                            :
                - against -                                 :   ORDER
                                                            :
SPRING ENERGY RRH, LLC, et al,                              :
                                                            :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Plaintiff's renewed letter motion at Dkt. 130 to hold non-parties NSL Marketing, LLC and Neil St. Louis (collectively, NSL) in contempt for violating their discovery obligations. The Court previously denied Plaintiff's first motion to hold NSL in contempt but required NSL to conduct certain additional discovery tasks. (See Dkt. 122.) Plaintiff contends that NSL has violated the Court's discovery orders, and, in particular, contends that email headers produced by Google on August 16, 2024 are fewer than those produced by Google on February 7, 2024, thereby "suggesting" that NSL spoliated evidence. (Dkt. 151 at 1.) Nock also reiterates his request for forensic examination of NSL's devices and accounts.

The motion is denied. NSL has complied with the Court's orders and requests for declarations confirming compliance. Plaintiff's suggestion that NSL spoliated evidence is speculative. Plaintiff did not effect service of subpoenas on NSL until at least March 4, 2024, three-and-a-half weeks after Google's first production. NSL previously explained at deposition and before this Court their practice with respect to deleting email. The deletion of some emails in February 2024 (even before Plaintiff unsuccessfully attempted

1

service of NSL on February 16, 2024) would be consistent with that practice. Plaintiff has not presented evidence of when the emails in question were actually deleted. Plaintiff had the opportunity to, and did, inquire about NSL email and email practices at deposition of NSL on May 31, 2024. Plaintiff has not requested a follow up deposition. Plaintiff has not established a basis for imposing contempt sanctions.

For similar reasons forensic examination is not warranted. Nor is it likely to be productive; Plaintiff concedes that such examination is "unlikely" to remediate lost evidence. (Dkt. 151 at 2.)

The Clerk of Court is directed to terminate the letter motion at Dkt. 130.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 24, 2024
New York, New York

Copies transmitted this date to all counsel of record.