# PRESTON/LAW OFFICES

4054 McKinney Avenue, Suite 310 / Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us

**Via ECF**
The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse, Room 1960
500 Pearl Street
New York, New York 10007-1312                                          June 20, 2024

      Re:    *Nock v. Spring Energy RRH, LLC*, No. 1:23-cv-01042, pending in the United States District Court for the Southern District of New York

Your Honor,

      This firm (together with Biles Wilson, PLLC) represents Plaintiff Robert Nock ("Plaintiff" or "Nock") in this case.

      Nock filed his motion for contempt sanctions against NSL Marketing, LLC and Neil St. Louis (together, "NSL"), which is primarily based on the May 31, 2024 deposition transcript of Neil St. Louis. (ECF No. 105.) Defendants Spring Energy RRH, LLC, RRH Energy Services, LLC, and Richmond Road Holdings, LLC (collectively "Defendants") designated two of the exhibits used in the St. Louis deposition (SPRING-000257 and SPRING-000637), and the portions of the deposition transcript relating to those exhibits as confidential under the Court's stipulated protective order. (*Cf.* ECF No. 41 *with* St. Louis Depo. Tr. at 127:1-132:22 (hereinafter, "Tr.") and Exs. 15 and 16 to Tr.) Consistent with the Appendix in your Honor's Individual Practices, this letter brief moves the Court via to seal the attached unredacted copy of Nock's motion and supporting documents.

      For his own account, Nock believes only the personal contact information of the consumers contained in SPRING-000257 and SPRING-000637 should be redacted. SPRING-000257 and SPRING-000637 impeach parts of St. Louis's testimony (and/or Defendants' enrollment records). SPRING-000257 and 637 are relevant to showing the extent of NSL's involvement in Defendants' marketing, the verity and/or reliability of St. Louis's testimony and the completeness of his production, and ultimately whether NSL stand in contempt of Court. St. Louis testified (at least initially) that he did not physically go to Maryland to participate in Defendants' door-to-door sales, but merely procured sales agents to enroll customers with Defendants. (St. Louis Depo. Tr. at 26:25-27:20.) However, both Defendants' records and *even NSL's own production* indicate that St. Louis's own name was used to enrolled customers for Defendants. (*See* Preston Decl. ¶14.)

      The presumptive right of access applies to "judicial documents," that is, documents filed with the Court that are "'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). "Documents filed in support of a motion for contempt are 'judicial documents.'" *Grand v. Schwarz*, No. 15-8779, 2018 WL 1604057, *2 (S.D.N.Y. Mar. 28, 2018) (citing *Roberts v. Lederman*, No. 04-00033, 2004 WL 2238564, *6 (E.D.N.Y. Oct. 4, 2004)). *Cf. Newsday LLC v. County of Nassau*, 730 F.3d 156, 165-66 (2d Cir. 2013) (First Amendment right to contempt proceeding transcript).

The Honorable Robert W. Lehrburger
June 10, 2024
Page 2 of 3

On a motion to seal, the Court must weigh "(1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein*, 814 F.3d at 142.

The public has an interest in access to the record for any contempt relief, which includes being able to compare the consumers' names in SPRING-000257 and 637 against the designated portions of St. Louis deposition transcript. (*Cf.* Ex. 2 to Preston Decl.; ECF No. 55-2; St. Louis Depo. Tr. at 127:1-132:22.) However, SPRING-000257 and SPRING-000637 also contain the consumers' telephone numbers, email addresses, service addresses, and the rates in their contract with Defendants. This information has little or no foreseeable role in the Court's exercise of Article III judicial power. Likewise, this information does not help the public assess any judicial decision on Nock's motion: it has no value for monitoring the Court's function. *Cf. Strauss v. Credit Lyonnais, S.A.*, No. 06-702, 2011 WL 4736359, *5 (E.D.N.Y. Oct. 6, 2011) ("while the parties undoubtedly will use discrete items of information contained in the bank records in their motions [they] are not likely, either singly or collectively, to be important to understanding the issues to be presented by the parties"). Conversely, publicly exposing this information will needlessly creates risks of unwanted communications—especially in a context that might suggest susceptibility to fraud. "The privacy interests of innocent third parties [] should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (cleaned up). Public disclosure of this information will not help the public assess the Court's ruling on contempt, and exposes the consumers to needless risks.

Outside of the consumers' contact information and rates, however, SPRING-000257 and 637 generally bear on the verity of St. Louis's testimony. While Nock expects Defendants will respond and supplement the record under Appendix B.4 in your Honor's Individual Practices, Nock does not believe the current record reflects a genuine need to completely seal SPRING-000257 and 637. At a minimum, however, the deposition transcript only discusses the consumers' names. Even if the Defendants identify a basis for sealing SPRING-000257 and 637, that would not require sealing the parts of the deposition transcript that Defendants designated as confidential.

Sincerely,

s/Ethan Preston

Ethan Preston

cc: Counsel of record (via ECF)

The motion to seal is granted solely as to personal contact information of consumers.

SO ORDERED:

9/24/24

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE