# answerNet

**David M. Murdza, Esq.**
**General Counsel**
**3930 Commerce Avenue**
**Willow Grove, Pennsylvania 19090**
**Phone: (267) 942-6000**
**Fax: (267) 281-1206**
**david.murdza@answernet.com**

September 25, 2024
Via Email: Lehrburger_NYSDChambers@nysd.uscourts.gov

<u>*Via Email Only*</u>
The Honorable Robert W. Lehrburger
District Court for the Southern District of New York
Room/Chambers 1960
500 Pearl Street
New York, NY 10007

  RE: Nock v. Spring Energy, *et al.*
    No. 1:23-CV-01042
    AnswerNet's Request for Costs

Honorable Judge Lehrburger:

  I am the General Counsel for the AnswerNet family of companies, including TPV, LLC, AnswerNet, Inc., and Cerida Investment Corporation (collectively "AnswerNet"). As you may recall, AnswerNet is not a party to this matter, and consequently is unable to file motions or correspondence via PACER in this matter. Accordingly, I respectfully submit this letter as AnswerNet's formal request for an Order granting reasonable costs associated with its efforts to provide the Parties' discovery in this matter, including the deposition ordered by Your Honor on August 1, 2024:

  By way of background, AnswerNet is a vendor of third party verification ("TPV") compliance services to the Spring Energy Defendants, and its involvement in this matter stems from a subpoena received at AnswerNet's corporate headquarters in Willow Grove, Pennsylvania in September 2023. In the interest of efficiency, rather than recount AnswerNet's many efforts in responding to that subpoena to date, attached hereto (<u>See</u>: Exhibit A) is AnswerNet's letter response to Plaintiff's motion to compel deposition, which sets forth all of the Company's discovery efforts as of July 15, 2024.

  Notably, despite several requests to Plaintiff's counsel for reimbursement of its technical resources' time (at a discounted rate of $100 per hour), and the several hours in-house counsel has spent communicating with Plaintiff's counsel and coordinating technical efforts to respond to Plaintiff's several requests, AnswerNet has not been compensated whatsoever for its cooperation with discovery efforts to date.

The Honorable Robert W. Lehrburger
September 25, 2024
Re: AnswerNet's Letter Request for Costs
Page 2

On August 1, 2024, Your Honor held a hearing on Plaintiff's July 1, 2024 motion to compel deposition and issued an Order granting said motion and determining that "*Within 30 days following completion of the deposition, AnswerNet may make a request for reasonable costs associated with the deposition.*"  (See Docket # 113).  Thereafter, the Parties and AnswerNet agreed to a F.R.C.P. 30(b)(6) deposition of AnswerNet CEO Gary Pudles, on August 26, 2024. The deposition was completed via a video teleconference on that agreed date, and AnswerNet now respectfully moves this Court for an Order instructing Plaintiff to pay AnswerNet's reasonable fees related to this deposition.

It is well established that in determining an amount to award for fees, the Court should calculate a "presumptively reasonable" fee based on a reasonable number of hours expended and a "reasonable hourly rate, taking account of all case-specific variables." Lebetkin v. Giray, 20-1374, 20-4229, page 4, (2nd Cir. Jul 14, 2021)(citing Lilly v. City of New York, 934 F.3d 222, 229-30 (2d Cir. 2019)).[1]  A reasonable hourly rate is "the rate a paying client would be willing to pay." (Id.)

## Breakdown of Costs Incurred by AnswerNet

### Deposition Preparation & Attendance

On August 16, 2024, Plaintiff's counsel served a notice of deposition on AnswerNet, again including onerous discovery demands in a 17-page attachment titled "Preservation and Production Instructions," which required review and analysis by AnswerNet in-house counsel in advance of the deposition to ensure Mr. Pudles was prepared to respond to counsel's inquiry.  (See Exhibit B).

On August 21, 2024, AnswerNet Associate General Counsel Ashly McGarity reviewed the deposition notice and the materials referenced therein, as well as documents previously produced by Plaintiff's counsel, to prepare Mr. Pudles for the August 26th deposition.  This review required two (2) hours of Ms. McGarity's time.

On August 22, 2024, AnswerNet's in-house legal team met with Mr. Pudles in preparation for the deposition and to discuss the matters and materials likely to be addressed by Plaintiff's counsel during the deposition.  This preparation session required one (1) hour of each attorney's time for a total of two (2) hours of billable time.

On August 26, 2024, Mr. Pudles attended the Rule 30(b)(6) deposition, represented by AnswerNet's General Counsel, which lasted three (3) hours, thereby requiring three (3) hours of attorney time in addition to Mr. Pudles's time.

---

[1] Summary Order obtained from FastCase, attached.

The Honorable Robert W. Lehrburger
September 25, 2024
Re: AnswerNet's Letter Request for Costs
Page 3

In preparing for the deposition, in-house counsel was required to go outside their normal legal duties and review legal documents for a case it is not a party to, in a court that does not have jurisdiction over it. Counsel were mindful to limit their time and efforts to only the topics and issues identified in the deposition notice and specifically addressed in the many communications with Plaintiff's counsel. Together, AnswerNet's two in-house counsel spent four (4) hours preparing for the deposition, and General Counsel spent three (3) hours attending the deposition. Both attorneys' time is billed at rate of $200.00 per hour, which is a reasonable, market rate for experienced counsel serving a business of AnswerNet's size and industry in the Philadelphia metropolitan area.

In preparing for and attending the deposition, AnswerNet's CEO was required to expend time usually reserved for running a privately-held telephone call center and business process outsourcing (BPO) services provider to respond to prepare for and respond to inquiries about the Company's proprietary TPV business practices. Mr. Pudles is the CEO and President of AnswerNet, with over twenty-five years of experience in running, acquiring, and growing call center and BPO services providers, including extensive experience in the provision of TPV services, through which the Company utilizes proprietary software and methodology. Mr. Pudles's time is billed at a rate of $500.00 per hour, which is a reasonable reflection of his industry experience and knowledge of the Company's proprietary TPV operations, as was required for deposition in this matter. In total, the deposition required four (4) hours of Mr. Pudles's time; one (1) hour to prepare by meeting with the AnswerNet legal team on August 22nd, and three (3) hours to sit for the deposition on August 26th.

Accordingly, AnswerNet respectfully requests the Court order payment of $3,400.00 for the time and effort expended by AnswerNet counsel and the Company's CEO and President in preparing for and attending this deposition. AnswerNet has thoroughly documented these professionals' times related to the deposition in a billable time log, which is attached hereto (See: Exhibit C) for the Court's consideration.

### Plaintiff's Post-Deposition Requests

Prior to the deposition, in an effort to further limit the expenditure of AnswerNet's resources relative to this matter, counsel sent a letter to Plaintiff's counsel advising that "notwithstanding the extensive list of items served with [Plaintiff's] deposition notice on August 16, 2024" AnswerNet would not produce any further materials, as Your Honor's Order did not require further document production, which was not discussed during the August 1, 2024 discovery conference, and Plaintiff's counsel had specifically argued previously that a deposition was "the most economical way to use Answernet's time," rather than document production. (See: Letter dated August 22, 2024, attached hereto as Exhibit D).

Plaintiff's counsel responded that "document discovery is mostly closed, and I don't plan to move to compel more documents from AnswerNet on this record." (See: Email dated August 22, 2024, attached hereto as Exhibit E). Counsel continued, however, that the Order for the

The Honorable Robert W. Lehrburger
September 25, 2024
Re: AnswerNet's Letter Request for Costs
Page 4

AnswerNet deposition should be read in light of the Court's June 18, 2024 Order allowing document discovery arising from deposition. (See id.). Notwithstanding AnswerNet's position that it should not be compelled to conduct further discovery on the basis of a separate order in the matter for which it is not a party, counsel confirmed the deposition to avoid further delay. (See: Email dated August 23, 2024 attached hereto as Exhibit F).

Not surprisingly, mere *hours after* the August 26, 2024 deposition, Plaintiff's counsel sent a request to AnswerNet's counsel for additional discovery, notwithstanding the prior assertion that "discovery is mostly closed, and I don't plan to move to compel more documents from AnswerNet," Plaintiff's counsel requested AnswerNet to produce:
1. TPV.com recordings of calls from a specific phone number and from a specific date;
2. "http logs" for two separate telephone campaigns from two separate time periods in 2021 and 2022; and
3. written communications with Defendants about the case.

(See: Plaintiff's Counsel Email dated August 26, 2024, attached hereto as Exhibit G).

On August 27, 2024, Plaintiff's counsel sent a fourth request for AnswerNet to produce, "documents concerning the rules that Defendants set for TPV.com and/or AnswerNet, including the rules for when they would mark verification calls for Defendants as "Customer Needs Clarification" in which calls the consumer indicated that the Defendants' sales agent was not present at the consumer's address during the enrollment, that Mr. Pudles discussed towards the end of the deposition yesterday." (See: Plaintiff's Counsel Email dated August 27, 2024, attached hereto as Exhibit H).

***Notably, the first three items requested on August 26th did not arise from deposition testimony, could have been requested previously, and are all available from sources other than AnswerNet***; however, undeterred, Plaintiff's counsel demands these items from AnswerNet.

As to the first request, recordings if they exist are available from Defendants. Plaintiff's counsel is now asking that AnswerNet perform independent searches and will not agree to pay for same, despite AnswerNet informing counsel that it will not conduct litigation support services without payment of all outstanding expenses. (See AnswerNet Email dated August 28, 2024, attached hereto as Exhibit I).

As to the second request, after a great deal of back and forth between Plaintiff's Counsel, AnswerNet counsel and AnswerNet's technical and operational teams, it has been determined that the materials Plaintiff's counsel is seeking are Amazon Web Services reports—not TPV/AnswerNet or client specific reports, which are not in AnswerNet's possession or control. (See Emails dated September 13, 2024 through September 18, 2024, attached hereto as Exhibit J).

As to the third request, AnswerNet has advised it does not possess anything responsive to this request. (See: Exhibit I).

The Honorable Robert W. Lehrburger
September 25, 2024
Re: AnswerNet's Letter Request for Costs
Page 5

As for the fourth request, AnswerNet provided the document it possesses responsive to this request—a script spreadsheet document—which Plaintiff's counsel asserts is not responsive and has asked for additional documentation; however, nothing further exists. (See Exhibit J).

Once again, AnswerNet was being asked to participate in Plaintiff's discovery search without compensation. Accordingly, AnswerNet respectfully requests an additional fee of $550.00 related to the time expended by AnswerNet's counsel to continue to engage in document production after the deposition and at the specific request of Plaintiff – all while taking time away from normal duties. This time is accurately reflected in Exhibit C.

## Conclusion

In conclusion, AnswerNet's request for reimbursement of reasonable costs related to the deposition are thoroughly documented, limited to avoid excessive time needed, and very reasonable, following a year-long's worth of compliance. AnswerNet had never sought a protective order in order to show its good faith efforts in complying with *four* subpoenas. AnswerNet's counsel and CEO rates are also reasonable, under-market and very much in line with what private parties would pay for deposition preparation. The case-specific variables of this case and plaintiff's actions require full reimbursement pursuant to the attached time logs.

Respectfully, AnwerNet requests: (i) an Order approving and granting the costs related to the deposition, as well as post-deposition costs incurred by AnswerNet as identified in Exhibit C, and (ii) an Order affirming that AnswerNet is excused from this matter and Plaintiff may not engage in any further discovery with AnswerNet. Thank you.

Respectfully submitted,

David Murdza, Esq.