```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT NOCK,                                                :
                                                            :   23-CV-1042 (JHR) (RWL)
                                   Plaintiff,               :
                                                            :
             - against -                                    :   ORDER
                                                            :
SPRING ENERGY RRH, LLC, et al,                              :
                                                            :
                                   Defendants.              :
                                                            :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Non-party AnswerNet has applied for fees in connection with the deposition of the company, by its CEO, taken by Plaintiff remotely via Zoom. (*See* Dkt. 166.) AnswerNet seeks $3,400.00, comprised of 7 hours of two in-house counsel's time billed at a rate of $200 per hour, and 4 hours of AnswerNet's CEO's time, billed at $500 per hour, in preparing for and answering questions at the deposition. AnswerNet also requests $550 in fees for in-house counsel and CEO time spent following up on, searching for, and producing additional documents after the deposition, and, in reply (Dkt. 179), an additional $1,600 for 8 hours of in-house counsel time used to respond to Plaintiff's opposition to AnswerNet's request for fees. AnswerNet also asks that the Court declare that AnswerNet has no further discovery obligations in this matter. Plaintiff opposes, arguing that cost-shifting is not warranted and that AnswerNet has not completed its discovery obligations. (*See* Dkt. 173.) Having considered the parties' arguments and relevant prior proceedings, the nature of the case, and the parties' relative resources, the issues are resolved as follows.

1

1. AnswerNet's request for fees is denied for multiple reasons, notwithstanding AnswerNet's largely being a disinterested non-party and AnswerNet's cooperation in complying with the discovery requests made of it. First, the Court's August 1, 2024 order stated that AnswerNet could make a request for reasonable costs associated with the deposition; the Court did not say that costs would be awarded automatically. (*See* Dkt. 113.) Second, the order permitted AnswerNet to apply for "costs" associated with the deposition (*id.*); AnswerNet did not pay fees to outside counsel that would be considered costs; instead, AnswerNet seeks recompense for the time of its own personnel (including two in-house lawyers whose job requires handling legal matters such as this). Third, AnswerNet has not provided any evidence to suggest that it forewent or lost any business, let alone incurred any actual costs, as a result of the relatively few hours devoted by counsel and its CEO to the deposition. Fourth, the duration of the deposition was modest as was time devoted to preparation; and AnswerNet has not suggested that Plaintiff's counsel asked irrelevant questions, wasted time, or engaged in any harassment or unprofessional conduct at the deposition. Under these circumstances, the Court does not find that AnswerNet incurred any undue expense or burden in connection with the deposition (*see* Fed. R. Civ. P. 45(d)(1)), nor any other basis for payment of fees to AnswerNet (other than the standard witness fee required by Fed. R. Civ. P. 45(b)(1)).

2. With respect to additional discovery, the dispute focuses primarily on four document requests Plaintiff made of AnswerNet following the deposition. Three of those requests, according to AnswerNet, are moot: AnswerNet has indicated it either does not possess or control the documents requested or has already searched for and produced the requested material. Plaintiff asks that AnswerNet provide a sworn statement that it has conducted a reasonable search for and produced the requested documents (and, if

2

any documents are withheld on privilege grounds, to provide a privilege log). That is a reasonable request. Accordingly, by October 28, 2024, AnswerNet shall provide to Plaintiff (i) a declaration, under penalty of perjury, stating that AnswerNet has conducted a reasonable search for and produced the requested documents, and (ii) a privilege log to the extent AnswerNet has withheld any documents on grounds of privilege or work-product protection.

3. The fourth request concerns recordings of telephone calls for a particular phone number for a limited timeframe. AnswerNet stated to Plaintiff that searching for the recordings, if they exist at all, would take two hours. (*See* Dkt. 166-10 at ECF 2.) AnswerNet has not indicated that conducting that two-hour search would be unduly burdensome or costly (the only "cost" AnswerNet identified was $300 for two hours of internal "tech time"). AnswerNet asserts that the same recordings are available from Defendants and that AnswerNet should not have to conduct "litigation support services without payment." (Dkt. 166 at 4.) That is not what AnswerNet is being asked to do, and Plaintiff represents that Defendants denied having the recordings. (Dkt. 177 at 5.) AnswerNet's reply, however, contradicts its opening letter, stating that "AnswerNet has made all recordings in its possession available to Defendants for production in this matter." If that is so, then AnswerNet need not do more (so long as "possession" also includes "custody" and "control"), but must include the recordings within the scope of the representation made in the declaration required above in paragraph number 2. To the extent AnswerNet has not already done so, however, AnswerNet shall search for and produce any responsive recordings by October 28, 2024.

4. Plaintiff has suggested it needs more deposition time with AnswerNet because AnswerNet's CEO was not able to answer a particular question (i.e., "how Defendants

3

communicated the Customer Needs Clarification rule to it"), and because AnswerNet's counsel directed the witness not to answer a question about whether AnswerNet's "other customers used such alerts." (Dkt. 177 at 4.) The objection to answering the latter is sustained. With respect to the first question, by October 28, 2024, AnswerNet shall make a reasonable inquiry within AnswerNet as to "how Defendants communicated the Customer Needs Clarification to it," and, if, based on the inquiry, AnswerNet can answer the question, shall provide an addenda to the deposition transcript answering the question; but if after a reasonably inquiry AnswerNet has no additional information to answer the question, it shall so inform Plaintiff.

5. For reasons consistent with the foregoing, AnswerNet's request for in-house counsel fees in connection with responding to Plaintiff's opposition to AnswerNet's fee request is denied.

The Clerk of Court is directed to terminate the letter motion at Dkt. 166.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2024
New York, New York

Copies transmitted this date to all counsel of record.