# PRESTON/LAW OFFICES

4054 McKinney Avenue, Suite 310 / Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us

*Via ECF*
The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse, Room 1960
500 Pearl Street
New York, New York 10007-1312                                         November 20, 2024

      Re:    *Nock v. Spring Energy RRH, LLC*, No. 1:23-cv-01042, pending in the United States District Court for the Southern District of New York

Your Honor,

This firm (together with Biles Wilson, PLLC) represents Plaintiff Robert Nock ("Plaintiff" or "Nock") in this TCPA case against Defendants Spring Energy RRH, LLC, RRH Energy Services, LLC, and Richmond Road Holdings, LLC (collectively "Defendants"). On November 15, 2024, Nock moved (1) for relief from the November 15, 2024 discovery motion deadline, (2) to compel documents in advance of the November 15 deadline, and (3) to seal portions of these motions and supporting documents, primarily the transcript of Gregory Hasiak's October 31, 2024 deposition (hereinafter, "Tr.") (ECF Nos. 193 to 197.) Defendants have since met and conferred with Nock regarding their position on what portions of record should be sealed. Consistent with the Court's Individual Practices, Nock and Defendants hereby submit this renewed motion to seal.

The parties do not seek to seal Nock's November 15 letters, or Defendants' November 8 meet and confer letter.

Defendants seek to seal Tr. 33:1-34:12; 58:1-59:12; 60:10-13; and 116:7-10. Defendants have designated as "Confidential" these portions of the deposition transcript of Gregory Hasiak pursuant to the Protective Order entered in this action. Defendants contend that these portions of Mr. Hasiak's deposition transcript should continue to be treated as Confidential and maintained under seal by the Court because they (1) reflect highly-confidential information concerning the finances and shareholder governance of Defendants, which are private companies (Tr. 33:1-34:12; 58:1-59:12; 60:10-13) and (2) reflect the specific language used in a letter sent in connection with an employee departure (Tr. 116:7-10). With regard the financial and shareholder information, if publicly disclosed, would "provide valuable insights into a company's current business practices that a competitor would seek to exploit" *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citations omitted); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."). Defendants further contend that it is likewise proper to redact the content of internal employee communications regarding the terms of employment, particularly given that such issues are not central to the merits of this case (*see In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 2023 U.S. Dist. LEXIS 8010, at *68 (S.D.N.Y. Jan. 17, 2023) (allowing the redaction of personal employee information). Nock takes no position on sealing these portions of the transcript at this time.

The Honorable Robert W. Lehrburger
November 20, 2024
Page 2 of 2

      The parties have agreed to seal only the consumers' name and address at Tr. 87:2-3, 87:7-8, 87:23, 92:11, 93:4; and 98:15-99:23.

                                        Sincerely,

                                        s/Ethan Preston

                                        Ethan Preston

cc: Counsel of record (via ECF)

So ordered. By December 4, 2024, Plaintiff shall refile revised copies reflecting only the redactions identified herein. The Clerk of Court is directed to terminate the letter motion at Dkt. 195.

SO ORDERED: *[signature]*

11/20/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE