HARRIS BEACH PLLC
ATTORNEYS AT LAW

677 BROADWAY, SUITE 1101
ALBANY, NY 12207
(518) 427-9700

DANIEL R. LECOURS
PARTNER
DIRECT:  (518) 701-2749
FAX:     (518) 427-0235
DLECOURS@HARRISBEACH.COM

November 27, 2024

**VIA ECF**

United States Magistrate Judge Robert W. Lehrburger
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Robert Nock v. Spring Energy RRH, LLC et al.*, United States District Court, Southern District of New York, Case No. 1:23-cv-01042

Dear Judge Lehrburger:

      This office represents the Defendants, Spring Energy RRH, LLC d/b/a Spring Power & Gas ("Spring Energy"); RRH Energy Services, LLC ("RRH"); and Richmond Road Holdings, LLC ("Richmond Road") (collectively "Defendants") in the above-referenced matter. We write in opposition to the motion to compel discovery filed on behalf of Plaintiff, Robert Nock ("Plaintiff") (ECF No. 193).

      At the outset, for the Court's context, the basis for Plaintiff's requests is largely the testimony of Gregory Hasiak. Until September 23, 2024, Mr. Hasiak was the Defendants' Director of Operations. On that date, Mr. Hasiak resigned, complaining of issues between him and Defendants unrelated to this action. A few weeks letter, after hours of telephone communications and email communications between Plaintiff's counsel and Mr. Hasiak (ECF No. 193-3, at 140:4-142:19), Mr. Hasiak was deposed. Although the current space does not permit a point-for-point refutation of Mr. Hasiak's testimony, for present purposes, Mr. Hasiak (1) stated that documents exist, which do not exist (as confirmed by Defendants' subsequent search) and (2) speculated regarding the financial impact a potential judgment in this case would have on Defendants. Mr. Hasiak's testimony is of dubious veracity and utility.

      In any event, the specific relief sought by Plaintiff is not warranted and should be denied for the reasons stated below.

      First, regarding Plaintiff's request for "Defendants' QA Policies Regarding IP Addresses," Plaintiff acknowledges that Defendants performed a search for the requested documents and did not locate any responsive documents in their possession, custody, or control. As a result, as counsel for Defendants, I submitted a letter to Plaintiff's counsel representing that "Defendants have conducted a search for any policy of Defendants created and/or in effect before or during the relevant period matching Mr. Hasiak's description [of such alleged documents] and no such document was located" (ECF No. 193-1, at 3). The Court can and should rely on the representation of counsel that the foregoing search was performed and not require an additional sworn statement from Defendants (*see Ball v Commuter R.R.*, 2024 U.S. Dist. LEXIS 47825, at *12-13 (S.D.N.Y. Mar. 13, 2024) ("the Court is entitled to rely on the representations of Defendant's counsel, as an officer of the Court, that he has discharged his obligation to conduct a diligent and reasonable

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

Honorable Robert W. Lehrburger
November 27, 2024

search and has produced all responsive documents yielded by such a search, if any").

Second, Plaintiff's request for "additional documents communicating the 'Customer Needs Clarification' rule" is predicated on a fiction that Defendants instructed TPV.com to use the "Customer Needs Clarification" designation for third-party verification calls where there is a suspicion that the sales agent might have contacted the customer via telephone. TPV.com has produced a log reflecting all instructions ever provided by Spring Energy to TPV.com, which is attached as **Exhibit A**. That log definitively shows that the "Customer Needs Clarification" designation was for use where "Customer does not understand or is unable to complete the verification without questions being addressed." *Id.* All of the documents located by Spring Energy and produced in response to Plaintiff's request are consistent with TPV.com's log. Even Mr. Hasiak admitted it was a possibility that the TPV.com representatives made mistakes regularly and could have occasionally used this designation as a mistake (ECF No. 196-2, at 139:22-140:3). In other words, not only have Defendants produced all responsive records in their possession, custody, or control (and I hereby represent that a diligent search was made), there is no factual basis to believe any responsive documents confirming Plaintiff's theory exist.

Third, Plaintiff's requests for documents reflecting Defendants' financial condition are unwarranted and, at minimum, premature, as such documents are highly confidential and, at best, marginally relevant to the issues in this action. Exemplary damages are available in a TCPA case only where "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection." *See* 47 U.S.C. § 227(b)(3), (c)(5). In this case, at the summary judgment stage, Defendants intend to seek dismissal of the entirety of Plaintiff's claims as too attenuated from Defendants to support TCPA liability, and, at minimum, to strike Plaintiff's request for treble damages on the basis that such damages are not supported by the facts of this case. Indeed, even Plaintiff's star witness—Defendants' disgruntled former Director of Operations—admits that the individuals who arranged for and (allegedly) made calls to customers were "fraudsters" who "defrauded Defendants" (ECF No. 196-2, at 128:18-129:7). In these circumstances, courts, including courts in this district, frequently conclude that financial discovery is premature. *See, e.g.*, *Pasternak v. Dow Kim*, 275 F.R.D. 461, 463 (S.D.N.Y. 2011) ("As the discovery sought is highly sensitive and confidential, it would be premature to order that it be produced given that the need for its disclosure may be abrogated by motion"); *Bakhit v. Safety Marking, Inc.*, 2014 U.S. Dist. LEXIS 125684, at *4 (D. Conn. Sept. 9, 2014) (collecting cases in the Second Circuit).

Plaintiff's second argument for financial discovery—that it is necessary to evaluate potential certification under Fed. R. Civ. P. 23(b)(1)(B)—is equally unsupported. This issue puts the cart substantially before the horse because, as explained in response to Plaintiff's "motion to continue" filed simultaneously with the instant motion to compel, Plaintiff faces some very substantial class certification challenges. Indeed, the only way to identify the putative class is the review of a cache of unauthenticated recorded telephone calls ███████████████████████████████████████████████████████████████████ (*see* Opposition to ECF No. 194). In any event, Mr. Hasiak's speculation that an adverse judgment of an unstated amount might cause Spring Energy to declare bankruptcy is not a valid basis for financial discovery.

Plaintiff has withdrawn his request for relief related to Ekata Pro (ECF No. 201).

HARRIS BEACH PLLC
ATTORNEYS AT LAW

Honorable Robert W. Lehrburger
November 27, 2024

    Thank you for your consideration of this matter.

                      Respectfully submitted,

                      */s/ Daniel R. LeCours*

                      Daniel R. LeCours

cc: Counsel of record (via ECF)