HARRIS BEACH PLLC
ATTORNEYS AT LAW

677 BROADWAY, SUITE 1101
ALBANY, NY 12207
(518) 427-9700

DANIEL R. LECOURS
PARTNER
DIRECT:  (518) 701-2749
FAX:      (518) 427-0235
DLECOURS@HARRISBEACH.COM

November 27, 2024

**VIA ECF**

United States Magistrate Judge Robert W. Lehrburger
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  *Robert Nock v. Spring Energy RRH, LLC et al.*, United States District Court, Southern District of New York, Case No. 1:23-cv-01042

Dear Judge Lehrburger:

This office represents the Defendants, Spring Energy RRH, LLC d/b/a Spring Power & Gas ("Spring Energy"); RRH Energy Services, LLC ("RRH"); and Richmond Road Holdings, LLC ("Richmond Road") (collectively "Defendants") in the above-referenced matter. We write in opposition to the "motion to continue" filed on behalf of Plaintiff, Robert Nock ("Plaintiff") (ECF No. 194).

Although styled as a "motion to continue," Plaintiff's letter is actually a second motion to compel, which he filed as a separate document from ECF No. 193, presumably so to circumvent Your Honor's page count requirements set forth in Section II.D of Your Honor's Individual Practices in Civil Cases. This alone is a sufficient basis for denying the relief requested. In any event, Plaintiff's requests should be denied for the following additional reasons.

First, in the section captioned "Relief from the November 15 Deadline," Plaintiff seeks to extend the discovery period to request an "adverse inference or rebuttable presumption" that certain recordings in Plaintiff's counsel's possessions were made by or on behalf of Defendants. The basis for Plaintiff's (apparently forthcoming) request is not stated in Plaintiff's letter. Since it does not appear to Defendants that Plaintiff's intended motion would be based upon Fed. R. Civ. P. 37, it does not seem that the deadline for the end of fact discovery should be applicable. However, if Plaintiff is contemplating a motion pursuant to Fed. R. Civ. P. 37, it is Defendants' position that any such motion should have been made by November 15, 2024, and Plaintiff has offered no excuse as to why such a motion could not have been made by that date.

It must be stated, however, that there is no basis for any evidentiary presumption regarding the call recordings that Plaintiff's counsel possesses, nor does Plaintiff cite any legal basis for such a presumption in his letter. Counsel obtained a cache of call recordings from a source he has refused to fully disclose. ███████████████████████████████. Indeed, Plaintiff's star witness—Defendants' disgruntled former employee—testified that the individuals who arranged for and (allegedly) made calls to customers were "fraudsters" who "defrauded Defendants" (ECF No. 197-2, at 128:18-129:7). Furthermore, Plaintiff's counsel is currently pursuing a TCPA lawsuit against a separate, unaffiliated company based upon recordings allegedly from the same source made in May 2021.

Honorable Robert W. Lehrburger
November 27, 2024

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

*See Robert Nock v. Palmco Administration, LLC, et al.*, Case No. 1:24-00662 (D. Md.).[1] Therefore, Plaintiff's request for a presumption that all the recorded calls were made on behalf of Defendants is entirely unsupported.[2]

In any event, Plaintiff seeks an evidentiary presumption because he cannot prove any of these calls were made at Spring Energy's behest. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Second, Plaintiff's request for "TPV.com Distance Reports" is merely a reprise of a request raised by Plaintiff to the Court on June 10, 2024 (ECF No. 97). In that submission, Plaintiff requested that the Court extend the then-existing deadline of June 21, 2024 to allow Plaintiff to seek discovery of, among other things, "all ostensible 'door-to-door' vendors where Defendants' GPS data reflects a distance of more than 1,000 miles between the any of the vendors' sales agent(s) and the prospective customer." *Id.* On June 18, 2024, the Court denied Plaintiff's request, noting that "Plaintiff is engaged in a fishing expedition," and closed "[d]ocument discovery from Defendants . . . as of the current deadline of June 21, 2024, subject to resolution of any pending disputes relating to that discovery and subject to requests based on deposition testimony that reveals the existence of additional discovery responsive to requests Plaintiff has already served to date, and which Defendants have not objected to" (ECF No. 102). Now, months later, Plaintiff seeks "distance reports over 2,000 miles" (ECF No. 194). The Court should not permit Plaintiff to further prolong discovery in this case regarding an issue Plaintiff has known about for over six months and, even assuming that the Court's June 18, 2024 Order did not deny the relief, has failed to seek relief from the Court.

Although the pretext for Plaintiff's recent application, Mr. Hasiak's recent deposition testimony is a red herring, and his recent speculations regarding the receipt of reports from TPV.com does not appear to have any basis in the documentary evidence as Mr. Hasiak did not have any explanation as to how these purported reports are not mentioned by him in any emails (ECF No. 197-2, at 136:22-137:8). Furthermore, Mr. Hasiak was unsure whether any reports with GPS discrepancies of more than 2,000 even exist. *Id.* at 138:2-3 ("Maybe it was 1,000 miles, maybe it was 200 miles away"). In sum, the Court should finally cut off Plaintiff's quest for additional discovery, which he has now had more than a year to pursue.

Third, Plaintiff's request for "TIPS Complaints"[3] is also without merit and relies on a distortion of the discovery record. As an initial matter, Plaintiff never specifically requested TIPS complaints until after the deposition of Mr. Hasiak on October 24, 2024. Thereafter, Defendants, through counsel, correctly explained that providing such discovery would require them to look at customer accounts one-by-one. Mr. Hasiak's testimony on this subject is in accord (ECF No. 197-

---

[1] The operative First Amended Class Action Complaint in the *Palmco* matter is annexed hereto as **Exhibit A**.
[2] Defendants will provide a more complete response to this argument if and when the argument is presented by Plaintiff on full briefing.
[3] "TIPS" refers to MNS Global Investments, Inc. d/b/a Tips Global Services.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

Honorable Robert W. Lehrburger
November 27, 2024

2, at 29:15-24 [complaints regarding TIPS "should have been documented in [the] customer's account"]). This exercise would be particularly wasteful since any such complaint would have been discussed internally and with TIPS via email, and all such emails have been produced.

Contrary to Plaintiff's contention, this is not the same issue previously discussed. Defendants previously stated that it would be extremely burdensome to search for and identify "TPV records associated with . . . TIPS," and offered to provide a selection of such records for customers to be identified by Plaintiff's counsel.[4] This representation was true—"TPV records," which are the records from the TPV company, in this case Trusted TPV, would need to be manually identified because Trusted TPV no longer exists (and, therefore, Defendants cannot download data from a portal), and the TPV recordings were otherwise stored in a manner that did not differentiate among vendors. Regarding consent recordings, when these were requested after Mr. Hasiak's deposition, they were promptly produced (*see* ECF No. 194-1).

It also bears mentioning that the opt-in marketing vendor, TIPS, does not appear to have any relevance to the claims that Plaintiff is seeking to pursue on behalf of the putative class. As stated in Plaintiff's letter, Plaintiff's putative class action claims are based upon a door-to-door marketing campaign "run by Endurance Sales & Marketing LLC" (ECF No. 194). Defendants' experience with TIPS has no relevance to the claims regarding the Endurance campaign because (1) the TIPS opt-in campaign did not actually begin until after the Endurance campaign had ended and, therefore, are not indicative of Defendants' state of mind at the relevant time (*compare* ECF No 194 [identifying May 11, 2021 as the last date of the Endurance campaign], *with* Master Service Agreement between Spring Energy, dated May 10, 2021)[5] and (2) Plaintiff's allegations that Endurance made or arranged for telemarketing calls on behalf of Spring Energy instead of performing the contracted-for door-to-door marketing services are inapplicable to TIPS, which was not contracted to perform door-to-door marketing (*see* Ex. C). Finally, Plaintiff cannot serve as a representative of a class involving calls made by TIPS because he does not allege to have received any such calls (*see generally* Am. Compl. [ECF No. 18]), and the only other potential representative identified by Plaintiff to date, Roland Camunas, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*see* ECF No. 65.1 [filed under seal]). In sum, there is no basis to allow additional discovery on this issue, which has marginal, if any, relevance to the remaining issues in this action.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Daniel R. LeCours*

Daniel R. LeCours

cc: Counsel of record (via ECF)

---

[4] A true and correct copy of a May 31, 2024 email to Plaintiff's counsel is attached hereto as **Exhibit B**.

[5] A true and correct copy of this agreement is attached hereto as **Exhibit C**. This overlap of a single day is not material since TIPS did not commence work on the date listed on the Master Services Agreement. In fact, TIPS' campaign for Spring Energy did not begin until September 9, 2021. In any event, the Court's prior ruling concerning the scope of permissible discovery regarding TIPS began on September 10, 2021—*i.e.*, two months before the date of the call allegedly received by Mr. Camunas (*see* ECF No. 67).